# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Douglas E. Arpert |
| v. | : | Mag. No. 23-6010 (DEA) |
| DENISE MANCO | : | **ORDER FOR CONTINUANCE** |

      1.     This matter came before the Court on the joint application of Philip R. Sellinger, United States Attorney for the District of New Jersey (Ashley Super Pitts, Assistant U.S. Attorney, appearing), and Denise Manco (Benjamin J. West, Esq., appearing), for an order granting a 60-day continuance under 18 U.S.C. § 3161(h)(7)(A).

      2.     This Court granted four § 3161(h)(7)(A) continuances previously in this case.

      3.     Counsel for the parties represented that this continuance is necessary for effective preparation and to permit the parties to attempt to resolve this case prior to indictment and thereby avoid a trial.

      4.     Counsel for the United States also represented that this continuance is necessary to prevent any more non-excludable days under § 3161(h) from expiring.

      5.     The defendant knows that she has the right under § 3161(b) to have this matter submitted to a grand jury within thirty days after her arrest.

      6.     The defendant, through counsel, has consented to this continuance.

7. FOR GOOD CAUSE, THIS COURT FINDS that this case should be continued for the following reasons:

    a. The charge in this case results from a lengthy investigation. Despite the exercise of diligence, therefore, the circumstances of this case require giving defense counsel a reasonable amount of additional time for effective preparation.

    b. In addition, on September 8, 2023, the defendant began a drug treatment program at an inpatient drug treatment facility, as arranged by Pretrial Services. She completed that program on or about November 14, 2023.

    c. Plea negotiations are currently in progress, and both the United States and the defendant desire additional time to negotiate a plea agreement, which would render grand jury proceedings and a trial in this matter unnecessary.

    d. Consequently, the ends of justice served by granting the continuance and preventing any further non-excludable days from passing under § 3161(h) outweigh the best interest of the public and the defendant in a speedy trial.

IT IS, therefore:

ORDERED that this action is continued for a period of 60 days from January 27, 2024, through March 27, 2024; and it is further

ORDERED that the period from January 27, 2024, through March 27, 2024, shall be excluded in computing time under the Speedy Trial Act of 1974; and it is further

- 3 -

ORDERED that nothing in this Order or the application prompting it is a finding or representation that less than 31 non-excludable days under § 3161(h) have expired.

                                              1/29/2024

HON. DOUGLAS E. ARPERT
United States Magistrate Judge

Form and entry consented to:

*s/ Benjamin West*
_____
Benjamin J. West, Esq.
Counsel for Defendant


s/ Ashley Super Pitts
_____
Ashley Super Pitts
Assistant U.S. Attorney


s/ Eric A. Boden
_____
Eric A. Boden
Attorney-in-Charge, Trenton Branch Office